UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No._____

PAMELA MELARA, and other similarly situated individuals, )
)
Plaintiff(s), )
)
v. )
)
MAMACITA'S, INC. and MARIA NARVAEZ, )
)
Defendants. )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, PAMELA MELARA ("Plaintiff") and other similarly situated individuals, sue the Defendants, MAMACITA'S, INC. and MARIA NARVAEZ (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and


www.saenzanderson.com

1

state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## VENUE

3. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. MAMACITA'S, INC. (the "Corporate Defendant") and MARIA NARVAEZ (the "Individual Defendant"), are a Florida company and a Florida resident, respectively, having their main place of business in Broward County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. The Individual Defendant, upon information and belief, resides in Broward County, Florida.

## COUNT I: FLSA WAGE AND HOUR VIOLATION BY MAMACITAS

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

7. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

8. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his



www.saenzanderson.com

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9. Section 206(a)(1) of the FLSA states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, the Federal minimum wage was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

10. The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. 29 C.F.R. § 541.4.

11. In Florida, the minimum wage in 2017 was $8.10 per hour; in 2018 the minimum wage was $8.25 per hour; in 2019 the minimum wage was $8.46 per hour; in 2020 the minimum wage was $8.56 per hour; and between January 1, 2021, and September 29, 2021, the minimum wage was $8.65 per hour. As of September 30, 2021, the Florida minimum wage has been $10.00 per hour, and on September 30, 2022, it will increase to $11.00 per hour, with annual $1.00 increases until the rate of $15.00 is reached on September 30, 2026.

12. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-



Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

13. The annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum

14. Alternatively, Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

15. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies.

16. The Corporate Defendant is a bar/restaurant and, through its business activity, affects interstate commerce.

17. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a server for the Corporate Defendant's business.

18. Plaintiff worked for the Corporate Defendant from approximately 2017 through May of 2021.

19. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 50-55 hours per week. In 2019, Plaintiff recalls only working 3 days per week, approximately 32 hours per week.



www.saenzanderson.com

20. Corporate Defendant paid Plaintiff approximately $3.00 per hour and had Plaintiff work under a "tip credit" formula.

21. Corporate Defendant did not pay Plaintiff overtime.

22. Corporate Defendant kept Plaintiff's "tips" and only allowed a fraction (if at all) of these tips to be paid to Plaintiff.

23. Sometime in 2019, the United States Department of Labor (the "DOL") audited the Corporate Defendant and found Defendant to owe wages under the FLSA to Plaintiff and others similarly situated individuals.

24. Corporate Defendant and the Plaintiff agreed to resolve Plaintiff's claims in exchange for compensation, but to no avail. Corporate Defendant has failed to pay Plaintiff the agreed upon compensation to this day.

25. Plaintiff was employed as a server performing the same or similar duties as that of those other similarly situated servers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation, or proper minimum wage pay.

26. Corporate Defendant violated the "tip credit" applied to Plaintiff and to those similarly situated individuals when it retained their tips, or when it partially paid these tips to Plaintiff and to those similarly situated individuals. As a result, Plaintiff and those similarly situated individuals are entitled to full minimum wages within the corresponding years.

27. Plaintiff requests unpaid minimum wages and overtime compensation from 2017 through May of 2021.



28. Plaintiff submits that she is entitled to equitable tolling from the time the DOL was allowed to calculate unpaid wages until the time Plaintiff learned that Corporate Defendant did not pay pursuant to its agreement with Plaintiff, to wit: July 18, 2022.

29. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid minimum and overtime wages is as follows:

<u>MINIMUM WAGES</u>

20 weeks in 2017 ($8.10)

- $8.10 - $3 = $5.10 x 53 x 20 = $5,406

52 weeks in 2018 ($8.25)

- $8.25 - $3 = $5.25 x 53 x 52 = $14,469

52 weeks in 2019 ($8.46)

- $8.46 - $3 = $5.46 x 53 x 52 = $15,047.76

52 weeks in 2020 ($8.56)

- $8.56 - $3 = $5.56 x 53 x 52 = $15,323.36

20 weeks from January 1, 2021 – May 2021 ($8.65)

- $8.10 - $3 = $5.65 x 53 x 20 = $5,989

<u>OVERTIME WAGES</u>

20 weeks in 2017 ($8.10)

- $8.10 x .5 x 13 x 20 = $1,053

52 weeks in 2018 ($8.25)

- $8.25 x .5 x 13 x 52 = $2,788.50



52 weeks in 2020 ($8.56)

- $8.56 x .5 x 13 x 52 = $2,893.28

20 weeks from January 1, 2021 – May 2021 ($8.65)

- $8.65 x .5 x 13 x 20 = $1,124.50

**Actual Damages: $64,094.40**

**Liquidated Damages: $64,094.40**

**Total: $128,188.88 plus reasonable attorney's fees and costs.**

30. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act, or to pay them at the appropriate minimum wage rate.

31. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid the proper minimum wages or paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

32. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages and remains owing Plaintiff and those similarly situated these minimum and overtime wages since the commencement of



Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

33. Upon information and belief, Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

34. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.



www.saenzanderson.com

8

## COUNT II: FLSA WAGE AND HOUR
## VIOLATION BY MARIA NARVAEZ

36.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

37.    At the times mentioned, the Individual Defendant was, and is now, the owner and/or president of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

38.    The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

39.    The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime or minimum wage compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

40.    Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.



www.saenzanderson.com

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## **COUNT III: UNPAID WAGES**
## **(BREACH OF CONTRACT) FLA. STAT. SEC. 448.08**

41. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

42. At all times material hereto, the Plaintiff was an employee of the Corporate Defendant.

43. The Plaintiff was employed by the Corporate Defendants as a server.

44. The Plaintiff worked as a server for the Corporate Defendant from approximately 2017 through May of 2021.

45. The Plaintiff and the Corporate Defendant entered into an agreement in which Corporate Defendant agreed to pay Plaintiff **$15,574.73** after the United States Department of Labor (the "DOL") audited the Corporate Defendant.

46. The Plaintiff fulfilled her end of the agreement.



www.saenzanderson.com

47. The Corporate Defendant breached the agreement by not paying the agreed upon sum of **$15,574.73.**

48. As a result, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Award the Plaintiff unpaid wages found to be due and owing to Plaintiff;

b. Award the Plaintiff prejudgment interest;

c. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

d. Order such other relief as this Court deems just and equitable.

Dated: July 22, 2022.

Respectfully submitted,

By**:   /s/ R. Martin Saenz**
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com