UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:22-CV-61367-AOV

Consent Case

PAMELA MELARA, and all other
similarly situated individuals,

    Plaintiff(s),

v.

MAMACITA'S, INC. and MARIA
NARVAEZ,

    Defendants,
_____/

**JOINT MOTION TO APPROVE SETTLEMENT OF FLSA CLAIMS AND JOINT MOTION TO DISMISS THE ACTION WITH PREJUDICE**

Plaintiff, Pamela Melara ("Plaintiff"), and Defendants, Mamacitas, Inc., and Maria Narvaez ("Defendants") (collectively the "Parties"), through their respective counsel, hereby move the court to approve the settlement of Plaintiff's claim under the Fair Labor Standards Act (FLSA) and for the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and this Court's order (D.E. 31).[1]

**I.**    **Background**

Plaintiff asserts a claim for alleged unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") and a claim for Breach of Contract for alleged "unpaid wages". Regarding her claim for unpaid overtime, Plaintiff alleges she worked more than forty hours per week for which she was not compensated. Defendants deny Plaintiff's

---

[1] As ordered, a copy of the executed Settlement Agreement will be provided to the Court via email. (D.E. 31)

claim of unpaid overtime hours and assert that Plaintiff was properly compensated for all hours worked.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Agreement.

The Parties seek the approval only of the resolution of Plaintiff's FLSA claim.[2]

## II. Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the court enters a judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more

---

[2] The Parties entered into two separate settlement agreements—one agreement to resolve the breach of contract claim and the subject agreement of this motion to resolve the overtime claim under the FLSA. The breach of contract claim is not subject to Court approval and the Parties agreed to keep the terms of that settlement confidential. Thus, that agreement is not submitted to the Court for approval.

> likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise is reached over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claim. The proposed settlement arises out of an action filed by Plaintiff against her former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding *Lynn's Food* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiff was and is represented by counsel.

The Parties' settlement of Plaintiff's FLSA claim is the result of a *bona fide* compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiff worked any compensable time without compensation; (b) the number of overtime hours Plaintiff allegedly worked each workweek; (c) whether Plaintiff was exempt from the FLSA; (d) whether Defendants' actions were willful; and (d) whether Defendants acted in good faith.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* No. 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Each party was represented by counsel experienced in FLSA matters and who regularly litigate labor and employment matters. After the parties exchanged relevant wage and hour records and other documents supporting each Parties' claim or defense, the Parties decided to resolve the claim because of the inherent risks and substantial costs of litigation. *Infra.*

As to the *second factor*, this action would have required the exchange and analysis of hundreds of documents and multiple depositions. The Parties would have had to expend significant time and resources in preparation for trial, as well as attend a two-to-four-day trial. The expense of litigation to Defendants is far greater than the amount of the settlement. Likewise, Plaintiff's risk of losing the trial and the duration of the litigation weighed in favor of settlement.

As to the *third factor*, the litigation is currently in the pleading phase. Nonetheless, to facilitate settlement, Defendants produced certain documents to Plaintiff to address the disputed issues in this action. In the absence of this settlement, the Parties would have to engage in discovery, exchange and analyze numerous documents, and depose each other's witnesses. As a result of the Parties' settlement conferral efforts, a resolution of this matter was reached without the need for extensive discovery and prolonged litigation.

As to the *fourth factor*, there are several disputed issues. The Parties dispute, with respect to the overtime claim, (a) whether Plaintiff worked any compensable time without compensation; (b) the number of overtime hours Plaintiff allegedly worked each workweek; (c) whether the tip credit was violated; (d) whether Defendants' actions were willful; and (d) whether Defendants

acted in good faith on how they paid plaintiff. Thus, there is a *bona fide* dispute as to whether Plaintiff is owed any wages.

As to the *fifth factor*, if Defendants would have prevailed on their defenses, Plaintiff potentially may have recovered nothing or far less than what she is receiving under the settlement or may have owed a cost judgment to Defendants. If Plaintiff were to prevail, Defendants would potentially be indebted to Plaintiff for a judgment for wages, for part or the entirety of Plaintiff's claim, an award for liquidated damages, and attorney's fees and costs. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investment of additional time to continue litigating this case, and the additional expenditure of fees and costs that will accrue as this matter progresses. In recognition of these concerns, the Parties have agreed to resolve this action.

As to the *sixth factor*, counsel for the Parties believe the settlement is a fair and reasonable resolution of the FLSA claims. Plaintiff's counsel and Defendants' counsel are experienced attorneys with a significant background in FLSA litigation, including large scale, nation-wide Collective actions.

**THE STIPULATED AND NEGOTIATED PAYMENT OF PLAINTIFF'S ATTORNEY'S FEES**

Plaintiff's attorney's fees and costs were negotiated separately from the amounts claimed by Plaintiff for her underlying claims. As such, the recovery by Plaintiff was not adversely affected by the amount of the attorney's fees and costs paid to her counsel. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to

5

his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. *Furie v. Expel, LLC,* No. 3:19-CV-117-J-32PDB, 2019 U.S. Dist. LEXIS 235560, at *11 (M.D. Fla. Sep. 17, 2019)(following *Bonetti*, as the fees were separately negotiated, the court declared it unnecessary to conduct a lodestar review); Texas v. *New World Van Lines of Fla.*, No. 6:20-cv-445-RBD-LRH, 2021 U.S. Dist. LEXIS 110172, at *7-8 (M.D. Fla. June 10, 2021)(accepting the representations of the attorneys that the fees were separately negotiated, the Court accepts and approves the fees to be paid without further scrutiny).

The Parties respectfully stipulate that the quantum of attorney's fees and costs Defendants agreed to pay Plaintiff and her counsel is fair. The Parties negotiated and Defendants have agreed to pay attorney's fees and costs incurred by Plaintiff.[3] Bargained-for provisions on attorney's fees in a settlement agreement control the issue of attorney's fees. *Embree v. Medicredit, Inc.*, 752 F. App'x 697, 700 (11th Cir. 2018) (citing *Pottinger v. City of Miami*, 805 F.3d 1293, 1300 (11th Cir. 2015)).

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and her counsel discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by the Parties.

**III.  Conclusion**

---

[3] Pursuant to the Court's order (D.E. 31), Plaintiff's counsel simultaneously submits her hours, billing rate(s), total attorney's fees, and costs as required by the order.

For the foregoing reasons, the Parties jointly request that this Court approve the Parties' settlement agreement as to Plaintiff's FLSA claim and that the Court dismiss this entire action with prejudice and retain jurisdiction to enforce the terms of the Settlement Agreement.

Respectfully submitted this 17 day of January 2023.

| | |
|---|---|
| *s/ Julisse Jimenez*<br>Martin Saenz, Esq.<br>Florida Bar No. 0640166<br>Email: *msaenz@saenzanderson.com*<br>Julisse Jimenez, Esq.<br>Email: *julisse@saenzanderson.com*<br>SAENZ & ANDERSON, PLLC<br>20900 NE 30th Avenue, Suite 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br><br>*Counsel for Plaintiff*<br><br>Served via transmission of Notices of Electronic Filing | *s/ Mariana C. Muci*<br>Paul F. Penichet, Esq.<br>Florida Bar No. 0899380<br>Email: *paul.penichet@jacksonlewis.com*<br>Mariana C. Muci, Esq.<br>Florida Bar No. 1011723<br>Email: *mariana.muci@jacksonlewis.com*<br><br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br><br>*Counsel for Defendants*<br><br>Served via transmission of Notices of Electronic Filing |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Mariana C. Muci*
Mariana C. Muci, Esq.